# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:96-CR-10- |
| | § | ALM-KPJ |
| NELSON GLEN BRISCO (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Nelson Glen Brisco's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 7, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Ernest Gonzalez.

Defendant was sentenced on August 2, 1996, before The Honorable Paul S. Brown of the Eastern District of Texas after pleading guilty to the offenses of Armed Career Criminal in Possession of a Firearm, a Class A felony, and Selling or Disposing of a Stolen Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of VI, was 235 to 293 months. Defendant was subsequently sentenced to 235 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include restitution, financial disclosure, and no new lines of credit. On June 16, 2021, Defendant completed his period of imprisonment and began service of the supervision term. On March 8, 2017, an amended judgment was issued in this case, and Defendant was sentenced to 137

months imprisonment, followed by a 3- year term of supervised release. The prior special conditions remain in effect in addition to a gambling prohibition.

On May 31, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 153, Sealed]. The Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon; and (3) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change [Dkt. 153 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On or about May 26, 2022, Defendant was arrested by the Sherman Police Department for committing the following offenses: Aggravated Assault w/ Deadly Weapon; Assault Causes Bodily Injury Family Member, and Interfere w/ Emergency Request for Assistance. Bond was set at $50,000. He remains in custody. Additionally, he committed the offense of Felon in Possession of a Firearm; (2) According to the Offense Report, on or about May 26, 2022, Defendant possessed a firearm during the commission of the Aggravated Assault w/ Deadly Weapon offense; and (3) According to the Offense Report, Defendant does not reside at his approved residence of 1426 Hillcrest Drive Sherman, Texas [Dkt. 153 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 3 of the Petition. The Government dismissed allegations 1 and 2. Having considered the Petition and the plea of true to allegation 3, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 162; 163].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of twelve (12) months, with a term of supervised release of forty-eight (48) months to follow.

The Court further recommends imposition of the following special conditions: (1) The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his compliance with the terms of the judgment in this case; and (2) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with all financial obligations imposed by this judgment.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 1st day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE